# In re Alba Luz GUTIERREZ-Lopez, Respondent

## File A28 758 771 - Arlington

*Decided June 18, 1996*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

(1) Administrative closure of a case is used to temporarily remove the case from an Immigration Judge's calendar or from the Board of Immigration Appeal's docket. A case may not be administratively closed if opposed by either of the parties. Administrative closing of a case does not result in a final order. It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations.

(2) The settlement agreement under *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) ("*ABC*"), specifically states that nothing in the agreement shall limit the right of a class member to pursue other legal rights to which he or she might be entitled under the Immigration and Nationality Act. This language is mandatory and does not indicate that such action by an alien would be curtailed by the administrative closing of each class member's case or postponed until the eventual final resolution of each class member's remedies under the settlement agreement itself.

(3) An ABC alien's right to apply for relief from deportation is not prohibited due to the administrative closure of his or her case. Such an alien, therefore, may file a motion to reopen with the administrative body which administratively closed his or her case in order to pursue issues or relief from deportation which were not raised in the administratively closed proceedings. Such motion must comply with all applicable regulations in order for the alien's case to be reopened.

(4) An alien who has had his or her case reopened and who receives an adverse decision from an Immigration Judge in the reopened proceedings must file an appeal of that new decision, in accordance with applicable regulations, in order to vest the Board with jurisdiction to review the Immigration Judge's decision on the issues raised in the reopened proceedings. That appeal would be a separate and independent appeal from any previously filed appeal and would not be consolidated with an appeal before the Board regarding issues which have been administratively closed.

(5) Any appeal pending before the Board regarding issues or forms of relief from deportation which have been administratively closed by the Board prior to the reopening of the alien's proceedings will remain administratively closed. A motion to reinstate an appeal is required before issues which have been administratively closed can be considered by the Board.

FOR RESPONDENT: Manuel Rivera, Esquire, Arlington, Virginia

FOR IMMIGRATION AND NATURALIZATION SERVICE: William W. Kummings, Appellate Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HOLMES, VILLAGELIU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members. Concurring Opinion: HEILMAN, Board Member.

DUNNE, Vice Chairman:

On January 14, 1991, the Board continued indefinitely the appeal in this case pending the respondent's opportunity to apply and be considered for temporary protected status under sections 302 and 303 of the Immigration Act of 1990,[1] Pub. L. No. 101-649, 104 Stat. 4978, 5030-38, and pending the respondent's exercise of her legal rights under the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) ("*ABC*"). The respondent has requested that the Board reopen proceedings in order to allow her to apply for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (1994), but has not asked that proceedings be reinstated and her appeal adjudicated.[2]

## I. ISSUE PRESENTED

At issue in the present case is whether an alien whose case was administratively closed pursuant to the terms of the *ABC* settlement agreement can obtain reopening of his or her proceedings where no request has been made to reinstate his or her appeal before the Board or to recalendar his or her case before an Immigration Judge.

## II. ADMINISTRATIVE CLOSURE

Administrative closure of a case is used to temporarily remove a case from an Immigration Judge's calendar or from the Board's docket. A case may not be administratively closed if opposed by either of the parties. *Matter of Lopez-Barrios,* 20 I&N Dec. 203 (BIA 1990); *see also Matter of Peugnet,* 20 I&N Dec. 233 (BIA 1991); *Matter of Munoz-Santos,* 20 I&N Dec. 205 (BIA 1990). "The administrative closing of a case does not result in a final order. It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations." *Matter of Amico*, 19 I&N Dec. 652, 654 n. 1 (BIA 1988); *see also Matter of Peugnet, supra; Matter of Munoz-Santos, supra; Matter of Lopez-Barrios, supra.*

---

[1] We note that the temporary protected status designation for El Salvador was terminated effective June 30, 1992. See Section 303(a)(2) of the Immigration Act of 1990, 104 Stat. at 5030; see also 59 Fed. Reg. 62,751 (1994); 58 Fed. Reg. 32,157 (1993) (deferred enforced departure expires December 31, 1994); 57 Fed. Reg. 28,700 (1992) (termination date set forth by statute but deferred enforced departure granted to those aliens who had been granted temporary protected status).

[2] The record indicates that the respondent explicitly stated that she is pursuing her rights under the *ABC* agreement, does not intend to relinquish those rights, and filed the motion to reopen solely to apply for adjustment of status based upon an approved labor certification petition.

### III.  ADMINISTRATIVE CLOSURE PURSUANT TO THE ABC
### SETTLEMENT AGREEMENT

In the present case, the respondent had her case administratively closed pursuant to the terms of the *ABC* settlement agreement. Paragraph 19 of that agreement provides in relevant part:

> Unless an individual class member objects and waives the right to apply hereunder, upon signing of this agreement by the parties, Defendants agree to stay the deportation and, on or before January 31, 1991, . . . to stay or administratively close the EOIR proceedings of any class member (unless they have been convicted of an aggravated felony), whose cases were pending on November 30, 1990, until the class member has had the opportunity to effectuate his or her rights under this agreement.

The respondent advised, through counsel, that she has applied for rights pursuant to the settlement agreement but did not indicate whether those rights had been fully effectuated.

### IV.  MOTIONS TO REOPEN IN ABC SETTLEMENT
### AGREEMENT CASES

The *ABC* settlement agreement contemplated that the class members would have their asylum applications considered anew by the Immigration and Naturalization Service and, if denied, would then have their cases recalendared before an Immigration Judge or have their appeals reinstated before the Board. *See American Baptist Churches v. Thornburgh, supra*, at 806-07, para. 20. Although the agreement does not explicitly recognize that settlement registrants might have other forms of relief become available to them during the pendency of their rights under the settlement, it does contain a "savings" provision which states that "[n]othing in this agreement shall limit the right, if any, . . . for class members to exercise any independent statutory or regulatory rights they may have, without regard to this agreement, under the Immigration and Nationality Act." *See American Baptist Churches v. Thornburgh, supra,* at 810-11, paragraph 38. It is within this legal context that the respondent's motion to reopen was filed with the Board.

Thus, we must ascertain whether the respondent can obtain reopening of her case following its administrative closure pursuant to the terms of the *ABC* settlement agreement. We find that she may. The *ABC* settlement agreement specifically states that nothing in the agreement shall limit the right of a class member to pursue other legal rights to which he or she might be entitled under the Immigration and Nationality Act. This language is mandatory and does not indicate that such action by an alien would be curtailed by the administrative closing of each class member's case or postponed until the eventual final resolution of each class member's remedies under the settlement itself.

In addition, we find that an *ABC* alien's right to apply for relief from deportation is not prohibited due to the administrative closure of his or her

case. Such an alien, therefore, may file a motion to reopen with the administrative body which administratively closed his or her case in order to pursue issues or relief from deportation which were not raised in the administratively closed proceedings. Such motion must comply with all applicable regulations in order for the alien's case to be reopened. 8 C.F.R. §§ 3.2, 3.8, 3.23, 103.5, 242.22 (1995).[3]

Furthermore, we find that an alien who has had his or her case reopened and who receives an adverse decision from an Immigration Judge in the reopened proceedings must file an appeal of that new decision, in accordance with applicable regulations, in order to vest the Board with jurisdiction to review the Immigration Judge's decision on the issues raised in the reopened proceedings. 8 C.F.R. §§ 3.38, 242.21 (1995). That appeal would be a separate and independent appeal from any previously filed appeal and would not be consolidated with an appeal before the Board regarding issues which have been administratively closed. Any appeal pending before the Board regarding issues or forms of relief from deportation which have been administratively closed by the Board prior to the reopening of the alien's proceedings will remain administratively closed. A motion to reinstate an appeal is required before issues which have been administratively closed can be considered by the Board. *See also American Baptist Churches v. Thornburgh, supra*, at 806-07, para. 20.

## V. RESPONDENT's MOTION TO REOPEN

In the present case, the respondent filed a motion to reopen in order to apply for adjustment of status under section 245(i) of the Act. A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and must be supported by affidavits or other evidence. 8 C.F.R. §§ 3.8(a), 103.5, 242.22. Such a motion may not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. §§ 3.2, 242.22.

Moreover, an alien must establish prima facie eligibility for the relief sought before a motion to reopen will be granted. *See, e.g., INS v. Abudu,* 485 U.S. 94 (1988); *INS v. Jong Ha Wang,* 450 U.S. 139 (1981) (per curiam); *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992). Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. *INS v. Doherty,* 502 U.S. 314 (1992); *INS v. Abudu, supra*. Moreover, the Board has broad discretion to deny a motion to reopen; it may do so even if the alien has made out a prima facie case of eligiblility for relief,

---

[3] We recognize that any such reopened cases are left in an unprecedented and potentially problematic procedural posture. However, this results from our obligation to comply with the *ABC* settlement agreement.

where the relief would not be granted in the exercise of discretion. *INS v. Doherty, supra; INS v. Abudu, supra.*

In the respondent's case, we find that the evidence she presented in conjunction with her motion to reopen was not available during her deportation hearing. *See Matter of Coelho, supra;* 8 C.F.R. §§ 3.2, 242.22. Furthermore, we find that the evidence presented sets forth prima facie evidence of the respondent's eligibility for adjustment of status under section 245(i) of the Act.[4]

Upon our review of the record, we find that the respondent appears to be prima facie eligible for adjustment of status. The record contains a photocopy of a Notice of Action (Form I-797), dated September 15, 1990, which indicates that the respondent is the beneficiary of an approved visa petition for foreign worker filed by her employer; a photocopy of an Immigration and Naturalization Service receipt, dated June 8, 1995, indicating that the respondent paid the requisite filing fee plus the statutory fee required under section 245(i) of the Act; and photocopies of the traveler's checks used for payment of the fees. In addition, the record contains photocopies of the respondent's Application to Register Permanent Residence or Adjust Status (Form I-485); a biographic information form (Form G-325A); her birth certificate with translation; her federal and District of Columbia income tax returns for 1994; and a letter, dated May 9, 1995, from her bank regarding her savings account balance. We shall therefore grant the respondent's motion to reopen and she shall be afforded the opportunity to apply for relief from deportation under section 245(i) of the Act.

## VI. WAIVER OF RIGHTS UNDER THE *ABC* SETTLEMENT

In addition, we note that the Service filed a brief in opposition to the respondent's motion to reopen. The Service states that "[t]he respondent's motion does not reflect that [s]he either has waived [her] right to apply for a new asylum adjudication pursuant to the terms of the agreement or that [s]he already has had the opportunity to effectuate [her] rights under the settlement (please see attached)." Attached to its brief is a document entitled "Waiver of ABC Benefits for Non-Detained Salvadoran and Guatemalan Class Members Who Want to Re-Calendar or Move to Re-Open Immigration Proceedings Before the Immigration Judge or the Board of Immigration Appeals." That document then states, in relevant part:

---

[4] An alien who entered the United States without inspection "may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence. The Attorney General may accept such application only if the alien remits with such application a sum equaling five times the fee required for the processing of applications under this section as of the date of receipt of the application . . . ." Section 245(i) of the Act.

> Because of a lawsuit called "ABC" (*American Baptist Churches v. Thornburgh,* 760 F. Supp. 796 (N.D. Cal. 1991)), the INS is required to give many Salvadorans and Guatemalans a new asylum interview and decision before they can either (1) re-calendar exclusion or deportation proceedings which were closed or stayed pursuant to the *ABC* settlement, or (2) move to re-open exclusion or deportation proceedings in which a final order has been entered. If you are eligible for *ABC* benefits (or think you are eligible) and have not had your *ABC* asylum adjudication, you can re-calendar or move to re-open your case if you give up your rights under the *ABC* lawsuit, including the opportunity for a new asylum interview and decision by the INS. If you wish to give up your rights under *ABC*, complete this form and include it with your motion to the Immigration Judge or Board of Immigration Appeals to re-calendar or re-open proceedings. **Warning: filing a motion to re-open your case does not guarantee that your case will be re-opened.**

The respondent argues in reply to the Service brief and supporting document, that she opposes giving up her rights under the *ABC* settlement agreement.

We find, as discussed above, that the respondent is not precluded from filing a motion to reopen with either the Immigration Judge or the Board simply because her case is administratively closed. So long as the respondent's motion requests reopening for issues or relief from deportation which were not part of her proceedings at the time that her case was administratively closed and complies with regulatory requirements, she is not required by law or the *ABC* settlement agreement itself to waive her rights under the agreement.

Accordingly, the following orders will be entered.

**ORDER:**     The respondent's motion to reopen to apply for adjustment of status is granted.

**FURTHER ORDER:**     The proceedings are reopened and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision.

Board Members Gerald S. Hurwitz and Lauri S. Filppu did not participate in the decision in this case.

*CONCURRING OPINION:* Michael J. Heilman, Board Member

I respectfully concur.

The result reached by the majority is correct, but I wish to note that I do not agree with the Immigration and Naturalization Service's interpretation and application of Paragraph of 19 of the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (*"ABC"*) That paragraph states:

> Unless an individual class member objects and waives the right to apply hereunder, upon signing of this agreement by the parties, Defendants agree to stay the deportation and, on or before January 31, l99l, . . . to stay or administratively close the EOIR proceedings of any class member (unless they have been convicted of an aggravated felony), whose cases were pending on November 30, l990, until the class member has had the opportunity to effectuate his or her rights under this agreement.

The Immigration and Naturalization Service views this language as having created a prospective requirement on the part of the *ABC* class members to waive the right to apply for subsequent relief under this settlement agreement. In my view, Paragraph l9 did not do this. Rather, Paragraph l9 simply notified *ABC* class members at the time the settlement agreement was to be made final that they had to object to, and waive their rights to apply for class membership under the settlement agremement prior to the "signing of this agreement."