**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-2431

XIE YUN CHEN,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Lipez and Howard, Circuit Judges.

Robert F. Sacchetti on brief for petitioner.
John Andre, Senior Litigation Counsel, Department of Justice,
Civil Division, Office of Immigration Litigation, Peter D. Keisler,
Assistant Attorney General, Civil Division, and Donald E. Keener,
Deputy Director, on brief for respondent.

May 20, 2005

**Per Curiam**.  Xie Yun Chen ("Chen"), a Chinese citizen who unlawfully entered the United States in July 1989, applied for permanent resident status in June 1994.  The Immigration and Naturalization Service ("INS"), whose functions have since been assumed by the Department of Homeland Security, denied Chen's application on June 29, 1994 and instituted deportation proceedings against him in November of the same year.

After two continuances--the first to permit Chen to obtain counsel, the second to allow his counsel time to adequately prepare--Chen appeared in immigration court on August 16, 1995.  He conceded deportability but requested relief in the form of an adjustment of status under the Chinese Student Protection Act of 1992, 106 Stat. 1969, or voluntary departure, and the proceeding was continued until April 8, 1996.

At the hearing's close, the immigration judge noted that there was not an interpreter present to provide Chen (who does not speak English) with oral notice of his next hearing date.[1]  Instead Chen was provided with written notice and a written admonition citing the consequences of a failure to appear on the April date.  When neither Chen nor his counsel appeared at the April 1996 hearing, the immigration judge entered an order in absentia denying

_____

[1]Such oral notice, in a language understood by the alien, forecloses an alien from pursuing further discretionary relief from an in absentia order of deportation for five years thereafter.  See 8 U.S.C. § 1252b(e)(1) (1994 & Supp. I 1996) (current version at 8 U.S.C. § 1229a(b)(7) (2000)).

-2-

Chen's requests for relief and ordering that he be deported to China.

In September 1996, Chen filed a motion in the immigration court seeking relief from its deportation order. Chen requested that the court reopen the case to permit him to apply for previously unconsidered relief from deportation; in the alternative, he sought rescission of the deportation order. These two remedies have different requirements for relief. See In Re M-S-, 22 I. & N. Dec. 349, 353-55 (B.I.A. 1998).

To reopen and apply for new relief, Chen needed to set forth, inter alia, a prima facie case of his entitlement to the requested relief. In Re Gutierrez-Lopez, 21 I. & N. Dec. 479, 482 (B.I.A. 1996). To seek rescission, Chen needed either to file a motion within 180 days of the in absentia order showing that his failure to appear at his hearing was due to "exceptional circumstances" beyond his control, or to file a motion at any time showing that he had not received notice of the hearing or that he had been in federal or state custody and failed to appear through no fault of his own. See 8 U.S.C. § 1252b(c)(3) (1994 & Supp. I 1996) (current version at 8 U.S.C. § 1229a(b)(5)(C)); 8 C.F.R. § 3.23(b)(4)(iii) (1997); Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900, 18,908 (April 29, 1996).

In support of rescission, Chen argued that certain facts surrounding his failure to appear--he had neglected to write down

-3-

the date of the April hearing in an appointment book and his attorney's records system had experienced "a serious computer glitch"--constituted "exceptional circumstances."  In support of reopening for new relief, Chen claimed that he was eligible for an adjustment of status under 8 U.S.C. § 1255(i) (1994 & Supp. I 1996).  The INS did not oppose Chen's motion.

In February 1997, the immigration judge construed Chen's motion as one solely for rescission and denied it on two grounds: first, that it had been filed over 180 days after the April decision and was thus untimely; and second, that the facts alleged did not constitute "exceptional circumstances."  Chen then sought review before the Board of Immigration Appeals.

In a June 2000 decision, the Board dismissed Chen's appeal.  With regard to rescission, the Board noted that although the immigration court's timeliness holding might have been error (Chen's motion was marked with two filing dates--one in September and another in October), Chen's excuses for missing the April hearing did not rise to "exceptional circumstances."  With regard to reopening for previously unconsidered relief, the Board held that Chen had not established a prima facie entitlement to relief because he had not provided any evidence that his visa applications had been approved.

Almost four years later, in April 2004, Chen moved for the Board to reopen his deportation proceedings, claiming that a

-4-

subsequent change in the law had made him eligible for an adjustment of status (and pointing to his efforts to obtain such an adjustment). The Board denied Chen's motion, holding that it was out of time because it had not been filed within 90 days of the Board's previous decision in June 2000. Chen now appeals to this court to review the Board's refusal to reopen.

As a preliminary matter, it is somewhat uncertain whether Chen's 2004 motion sought to reopen the Board's 2000 decision or the immigration court's initial 1996 decision. Regardless, a motion to reopen ordinarily must be filed within 90 days. 8 C.F.R. §§ 1003.2(c), 1003.23(b)(1) (2004); see also 8 U.S.C. § 1229a(c)(6)(C)(i). Chen notes, however, that this deadline does not apply when an alien seeks to rescind a deportation order that was issued at an in absentia hearing of which the alien did not have notice. See 8 C.F.R. §§ 1003.23(b)(4)(iii) (2004).

It is quite unclear whether this regulation even applies to motions before the Board, rather than solely to motions before the immigration court. See 61 Fed. Reg. 18,903. Compare 8 C.F.R. § 1003.2 ("Reopening or reconsideration before the Board of Immigration Appeals"), with 8 C.F.R. § 1003.23 ("Reopening or reconsideration before the Immigration Court"). But either way Chen admits that he--or at least his lawyer--received written notice in English of the April hearing. He argues on appeal that this does not suffice for "actual or constructive notice" when his

-5-

lawyer subsequently failed to notify him of the hearing; but Chen has not claimed ineffective assistance of counsel.  Chen may well have trusted his lawyer to keep him apprised of the hearing date, but in this case written notice was provided--whether to Chen himself or his attorney--which is enough to foreclose relief under 1003.23(b)(4)(iii).   See 8 U.S.C. § 1229a(b)(5)(C); id. § 1229(a)(1); see also 8 C.F.R. § 1292.5 (2004).

        The main case upon which Chen relies, In Re M-S-, 22 I. & N. Dec. 349, is not to the contrary.  Chen makes much of the fact that both that case and his involved in absentia hearings without prior oral notice in the alien's own language, and that M-S- (like Chen) sought newly available relief.  But M-S- filed her motion to reopen within the ordinary 90-day period.  Id. at 350.  In Re M-S- does hold that aliens who are subject to in absentia hearings without prior oral notice in their own language may move to reopen deportation proceedings in order to apply for newly available relief.  Id. at 356.   But the case contains no suggestion that a lack of oral notice suffices to exempt an alien from the ordinary time limits on motions to reopen.

        Finally, we have no authority to pass now upon any claim by Chen that his earlier motion to reopen proceedings satisfied the exceptional circumstances test or made out a prima facie case for relief, and thus was denied in error.  To raise those issues, Chen

had to take a timely appeal from the Board's June 2000 decision rejecting that argument; he did not do so.

<u>Affirmed</u>.