**Isaias Sandoval CADENA; Amalia Vicente Franco; Mariana Sandoval Vicente, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 20, 2006.

Philip Hornik, Law Office of Philip Hornik, Portland, OR, for Petitioners.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, M. Jocelyn Wright, Washington, DC, for Respondent.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Petitioners seek review of the Board of Immigration Appeals's (BIA's) decision that they are statutorily ineligible for suspension of deportation despite their claim that they were denied due process by their previous attorney's ineffective assistance of counsel. The United States argues this court has no jurisdiction to review.

---

We determine our own jurisdiction *de novo.* *Luu–Le v. INS,* 224 F.3d 911, 914 (9th Cir.2000).

Under INA § 242(a), 8 U.S.C. § 1252(a) (2005), we have jurisdiction to review only "final orders" of deportation or exclusion. The same was true under that section's predecessor, INA § 106(a). *See* 8 U.S.C. § 1105a(a) (1996), *repealed by* Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996). The BIA's order of October 12, 2004 administratively closing petitioners' proceedings is not a final order. Instead, it simply removed the case from the BIA's docket, suspending proceedings pending receipt of a request to reinitiate by either party. *See Matter of Gutierrez–Lopez,* 21 I. & N. Dec. 479, 480, 1996 WL 413581 (BIA 1996). Accordingly, this court has no jurisdiction to review petitioners' due process claim.

DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.