Argel OCHOA–CANCINO; Lilian
Ochoa, Petitioners,

v.

Peter D. KEISLER,* Acting Attorney
General, Respondent.

No. 03–71902.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Argel Ochoa–Cancino and Lilian Ochoa, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their request for administrative closure and affirming an immigration judge's ("IJ") order pretermitting their application for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003), and review claims of due process violations de novo, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the Ochoas' physical presence stopped accruing on the date they were served Orders to Show Cause and that they failed to establish the requisite seven years of continuous physical presence in the United States prior to that date. *See Ram*, 243 F.3d at 516 (holding that applications for suspension of deportation pending after the enactment of IIRIRA were subject to the stop-time provisions of that Act).

The Ochoas' case was not eligible for administrative closure and "re-papering" because the government opposed closure. *See* 8 C.F.R. § 1240.16 (2006) (the Attorney General has sole discretion over the termination of deportation proceedings for

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

352

purposes of re-papering); *see also Matter of Gutierrez–Lopez,* 21 I. & N. Dec. 479, 480 (BIA 1996) ("A case may not be administratively closed if opposed by either of the parties.").

We are not persuaded by the Ochoas' contention that the discretion vested in the Attorney General over repapering decisions violates due process.

**PETITION FOR REVIEW DENIED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.