**Adolfo FAJARDO–ALVARADO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76359.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

### MEMORANDUM \*\*

Adolfo Fajardo–Alvarado, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review *de novo* due process claims. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000). We review for abuse of discretion the denial of a motion to remand. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The record does not compel the conclusion that Fajardo–Alvarado's asylum application was timely filed or that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5); *Ramadan v. Gonzales,* 479 F.3d 646, 648, 656 (9th Cir.2007).

The record also does not compel the conclusion that Fajardo–Alvarado is entitled to withholding of removal because he has not shown that it is more likely than not that he will be persecuted on account of a protected ground. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 415 (9th Cir.1991). Substantial evidence supports the agency's determination that Fajardo–Alvarado failed to establish that he was a member of a protected social group, *see id.*

at 414–15 (holding that the military is not a protected social group), and the agency's determination that Fajardo–Alvarado was not persecuted on account of an actual or imputed political opinion, *see Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001).

Fajardo–Alvarado's contentions that the IJ violated his due process rights by: (1) denying his motion for a continuance; (2) taking testimony on the timeliness of Fajardo–Alvarado's asylum application without notice that asylum relief would be considered; and (3) relying on testimony taken in violation of Fajardo–Alvarado's due process rights, all fail because he did not show prejudice. *See Colmenar,* 210 F.3d at 971.

The BIA did not abuse its discretion in denying Fajardo–Alvarado's motion to remand to pursue temporary protected status ("TPS") because he failed to establish prima facie eligibility for relief. *See Ordonez v. INS,* 345 F.3d 777, 784 (9th Cir. 2003). Fajardo–Alvarado's testimony that he possessed cocaine for the purpose of sale rendered him inadmissible, *see Pazcoguin v. Radcliffe,* 292 F.3d 1209, 1213–15 (9th Cir.2002), and thus unable to establish prima facie eligibility for TPS, *see* 8 U.S.C. § 1254a(c)(1)(A)(iii).

The BIA did not abuse its discretion in denying Fajardo–Alvarado's motion for administrative closure because the government opposed closure. *See Matter of Gutierrez–Lopez,* 21 I. & N. Dec. 479, 480 (BIA 1996) (en banc) ("A case may not be administratively closed if opposed by either of the parties.").

**PETITION FOR REVIEW DENIED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.