Delmy Eleonora VANEGAS–JAIME, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75272.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

Edgardo Quintanilla, Sherman Oaks, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David V. Bernal, Margaret K. Taylor, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Delmy Eleonora Vanegas–Jaime, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Vanegas–Jaime's motion to reconsider its earlier denial of her motion to reinstate and remand her case to the immigration judge in order to apply for special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). The BIA correctly concluded that Vanegas–Jaime filed her motion to reinstate and remand on August 1, 2003, almost five years after the September 11, 1998 filing deadline for a NACARA motion to reopen, *see* 8 C.F.R. § 1003.43(e)(1), and NACARA and its implementing regula-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions do not contain any exceptions to the filing deadline for individuals whose cases were previously administratively closed. *See Matter of Gutierrez–Lopez*, 21 I. & N. Dec. 479, 481–82 (BIA 1996) (en banc).

**PETITION FOR REVIEW DENIED.**