**Teodocia Paez GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–74563.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

Teodocia Paez Garcia, pro se.

Wendy Benner–Leon, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen removal proceedings as untimely and barred by numerical limitations.

We review the denial of a motion to reopen for abuse of discretion. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

 The BIA did not abuse its discretion in construing petitioner's "motion for administrative closure" as a motion to reopen. In this motion, petitioner sought administrative closure to pursue possible amnesty relief should Congress pass amnesty legislation. The BIA stated correctly that the motion was filed after the final administrative decision had been entered, thus, there were no administrative proceedings to close. In addition, the government declined to consent to the closure of the case. *See In Re Gutierrez–Lopez*, 21 I. & N. Dec. 479, 480 (BIA 1996) ("A case

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

may not be administratively closed if opposed by either of the parties.").

■ The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely and numerically barred because it was petitioner's second motion to reopen and was filed on September 7, 2007, more than 90 days after the April 26, 2005 final administrative decision was entered.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**