**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MILAGRO DE JESUS RAUDA-
CASTILLO; YOHANNA ESTEPHANIE
RAMOS-RAUDA,

     Petitioners,

v.

LORETTA E. LYNCH, United States
Attorney General,

    Respondent.

Nos. 14-9606 & 15-9507
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

Pro se petitioners, Milagro De Jesus Rauda-Castillo and Yohanna Estephanie

Ramos-Rauda, mother and daughter, are citizens of El Salvador. They seek review of

the Board of Immigration Appeals' (BIA) order dismissing their appeal from the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of their applications for asylum, restriction on removal,[1] and relief under the Convention Against Torture (CAT). They also seek leave to proceed on appeal in forma pauperis (IFP). We grant the IFP request and deny the petition in part and dismiss in part for lack of jurisdiction.[2]

## I.

Petitioners entered the United States on November 6, 2006. They were promptly issued Notices to Appear in Texas alleging they were removable as aliens present without being admitted or paroled. Represented by counsel, petitioners conceded removability and applied for asylum, restriction on removal, and relief under the CAT. Ms. Ramos-Rauda sought derivative relief through her mother, Ms. Rauda-Castillo. Petitioners requested a change of venue from San Antonio, Texas, to Los Angeles, California, which was granted on January 24, 2007. At petitioners' request, venue was again moved to Salt Lake City, Utah, on November 3, 2009.

On January 7, 2010, represented by new counsel, petitioners requested and received a continuance until February 11, 2010. Additional hearings were set and

---

[1] "Restriction on removal" was referred to as "withholding of removal" before enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Although the BIA and the respondent refer to "withholding of removal," we use the term "restriction on removal" because this claim was filed after IIRIRA's effective date. *See Neri-Garcia v. Holder*, 696 F.3d 1003, 1006 n.1 (10th Cir. 2012).

[2] Petitioners also filed a petition for review in the Ninth Circuit, which was transferred to this court and consolidated with the petition filed here.

continued for July 27, 2010, September 20, 2011, and October 6, 2011. Although petitioners sought a continuance of the hearing scheduled for May 17, 2012, the immigration judge (IJ) denied a continuance, noting that the case had been pending for several years and petitioners had been warned that the case would proceed on the May 17 hearing date.

At the May 17 hearing, petitioners appeared pro se, and Ms. Rauda-Castillo testified. The IJ denied relief. Petitioners appealed to the BIA, arguing, as relevant here, that the IJ should have granted them an additional continuance so they could be represented by an attorney and that the case should be remanded to the Department of Homeland Security (DHS) for the DHS to exercise prosecutorial discretion. The BIA dismissed the appeal.

Petitioners appeal to this court, renewing their arguments that they should have been granted another continuance and the BIA should have remanded their case to the DHS. They have waived their argument that another change of venue should have been granted, as well as their claims for asylum, restriction on removal, and CAT protection, because they did not present these claims in their appellate brief. *See Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1209-10 (10th Cir. 2006) (stating issues not supported in the opening brief by argument, legal authority, and record citations are waived).

## II.

The BIA issued a single-member decision affirming the IJ's order. "Thus, although we will not affirm on grounds raised in the IJ decision unless they are relied

3

upon by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Maatougui v. Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (brackets, ellipsis, and internal quotation marks omitted). We construe petitioners' pro se filings liberally. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"We review the decision to deny a continuance for an abuse of discretion." *Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011) (ellipsis and internal quotation marks omitted); *see also id.* ("Because an IJ's discretion to deny a request for a continuance arises from a regulation, 8 C.F.R. § 1003.29, we possess jurisdiction to consider the denial of a motion for continuance . . . .") (brackets omitted). We will grant review on this ground only if a continuance was denied "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Id.* (internal quotation marks omitted).

Petitioners argue that they should have been granted a continuance so they could obtain counsel, and the fact that they had engaged three different lawyers in the past weighed in favor of an additional continuance. As noted, petitioners had requested and received numerous continuances. They were warned that the hearing set for May 17, 2012, would proceed. As petitioners acknowledge, their case had been pending for several years. Under these circumstances, we find no abuse of discretion in denying a further continuance. Therefore, we deny review on this ground.

4

Petitioners also assert error in the BIA's refusal to close the case administratively to allow the DHS to exercise prosecutorial discretion. The BIA held that it did not have jurisdiction to instruct the DHS to exercise prosecutorial discretion.[3] We review this legal determination de novo, *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010) ("We review the BIA's legal determinations de novo . . . ."), and agree that the agency lacked jurisdiction to direct the DHS to exercise prosecutorial discretion, *see Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001) (holding that the IJ and BIA lack authority to review discretionary decisions regarding when and whether to initiate removal proceedings); *see also Matter of Bahta*, 22 I. & N. Dec. 1381, 1391-92 (BIA 2000) (stating BIA lacks jurisdiction over the Immigration and Naturalization Service's (INS) exercise of prosecutorial discretion).[4] Accordingly, the BIA correctly determined it lacked jurisdiction to direct the DHS to exercise prosecutorial discretion.

To the extent petitioners request this court to direct the BIA to close the case administratively, doing so would be meaningless since the BIA's order dismissing the appeal is a final order. *See Batubara v. Holder*, 733 F.3d 1040, 1042 (10th Cir. 2013) (holding "the BIA's decision upholding the IJ's finding of removability . . .

---

[3] The BIA stated that and that petitioners were free to apply directly to the DHS for such relief.

[4] "The Homeland Security Act of 2002 transferred authority to commence removal proceedings from the [INS] to the Secretary of DHS." *Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008). Therefore, references to the INS apply to the DHS.

5

was the final order"). "The administrative closing of a case does not result in a final order. It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations." *In re Gutierrez-Lopez*, 21 I. & N. Dec. 479, 480 (BIA 1996) (internal quotation marks omitted), *overruled on other grounds by Matter of Avetisyan*, 25 I. & N. Dec. 688, 690 (BIA 2012). Petitioners also apparently ask this court to direct the DHS to engage in mediation with them, which is in essence a request to order the DHS to exercise prosecutorial discretion. But the DHS has sole authority to exercise prosecutorial discretion in immigration cases and we lack jurisdiction over those decisions. *See* 8 U.S.C. 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."); *Veloz-Luvevano v. Lynch*, __ F.3d __, 2015 WL 5097611, *5 (10th Cir. Aug. 31, 2015) (holding court of appeals lacks jurisdiction over "the government's prosecutorial discretion decisions").

Petitioners also assert that Ms. Ramos-Rauda has been granted Deferred Action for Childhood Arrivals, thus making her mother, Ms. Rauda-Castillo, eligible for discretionary relief. The respondent notes that petitioners have provided no evidence to support this assertion. "Deferred action is a use of prosecutorial discretion to defer removal action against an individual for a certain period of time. Deferred action does not provide lawful status." *See* http://www.uscis. gov/humanitarian/consideration-deferred-action-childhood-arrivals-daca (last visited

6

Oct. 9, 2015).  As we held above, we lack jurisdiction over this claim for the DHS to exercise prosecutorial discretion.

III.

Petitioners' IFP motion is granted.  The petition for review is denied in part and dismissed in part for lack of jurisdiction.

Entered for the Court


Jerome A. Holmes
Circuit Judge