SUMMARY ORDER

Ayfer Yalincak, a native and citizen of Turkey, seeks review of: (1) a May 22, 2008 order of the BIA affirming the January 16, 2008 decision of Immigration Judge (“IJ”) Michael W. Straus, which denied her applications for withholding of removal and relief under the Convention Against Torture (“CAT”), and for a waiver of inadmissibility under INA § 209(c), In re Ayfer Yalincak, No. A073 393 720 (B.I.A. May 22, 2008), aff'g No. A073 393 720 (Immig. Ct. Hartford, CT Jan. 16, 2008); and (2) a July 31, 2008 order of the BIA denying her motion to reconsider, In re Ayfer Yalincak, No. A073 393 720 (B.I.A. July 31, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
At the outset, we note that because Yalincak was charged as removable based on her conviction of an aggravated felony, our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C), such that we may review only constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329-30 (2d Cir.2006).
I. Dkt. No. 08-3014-ag (L): Withholding of Removal
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). *587 We review de novo questions of law and the application of law to undisputed fact. See Salimatou, Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
A. Aggravated Felony
In her brief to this Court, Yalincak argues that she was not convicted of an aggravated felony. Ordinarily, we would retain jurisdiction to review such an argument. See Vargas-Sarmiento v. U.S. Dep’t of Justice, 448 F.3d 159, 164 (2d Cir.2006). However, as the Government contends, this argument, which Yalincak makes in this Court in the first instance, is not exhausted. Because the agency never had the opportunity to consider it, we decline to do so. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007) (reaffirming that this Court “may consider only those issues that formed the basis for [the BIA’s] decision”); see also Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004) (holding that petitioner failed to exhaust his claim that his manslaughter conviction should not qualify as an aggravated felony).[2]
B. Adverse Credibility Determination
To the extent that Yalincak argues that the agency’s adverse credibility determination was not supported by substantial evidence, because these arguments merely quarrel with the agency’s fact-finding, we lack jurisdiction to review them.[3] See Xiao Ji Chen, 471 F.3d at 329-30.
C. Due Process
Yalincak also advances a due process argument arguably so insubstantial and frivolous as to be beyond the scope of our review. See Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008) (providing that this Court lacks jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction). Yet, even assuming our jurisdiction, there is no merit to Yalincak’s claims that the IJ violated her due process rights by not permitting her counsel to make a closing argument and by preventing her from presenting evidence. The record reflects that Yalincak’s attorney never requested the opportunity to make a closing argument, and that the IJ accepted all of Yalincak’s documentary evidence.
D. Waiver of Inadmissibility
As relief from removal, Yalincak sought a waiver of inadmissibility under INA § 209(c). In order to merit such a waiver, an alien must show that she should be admitted to the United States “for humanitarian purposes,” or “to assume family unity.” 8 U.S.C. § 1159(c); see Matter of Jean, 23 I. & N. Dec. 373 (AG 2002). The agency denied Yalincak’s request for a waiver because, despite hardships to her family, she was convicted of two separate “fraud schemes,” and thus did not merit a favorable exercise of discretion. To the extent that Yalincak argues that the agency failed to properly weigh the factors in considering her eligibility for the waiver, her arguments merely quarrel with the *588 agency’s exercise of discretion. This Court lacks jurisdiction to review such arguments. See 8 U.S.C. § 1252(a)(2)(C); Xiao Ji Chen, 471 F.3d at 329-30.
II. Dkt. No. 08-4231-ag (Con): Motion to Reconsider
Our jurisdiction to review the BIA’s denial of Yalincak’s motion to reconsider is no greater than our jurisdiction to review the agency’s underlying denial of relief. See Durant v. INS, 393 F.3d 113, 115-16 (2d Cir.2004) (“While final orders of removal and orders denying motions to reopen are treated as separate final orders and require separate petitions for review, ... these orders are sufficiently connected that permitting review of a motion to reopen when § 1252(a)(2)(C) bars review of the final order of removal would provide an improper backdoor method of challenging a removal order.”). Accordingly, we limit our analysis to those arguments that may be considered constitutional claims or questions of law. See Xiao Ji Chen, 471 F.3d at 329-30.
Yalincak argues that the agency erred in denying her application for withholding of removal and her waiver of inadmissibility because she was previously found credible and granted asylum. She contends that the agency was barred from relitigating her past persecution claim and credibility under the law of the case doctrine.[4] “The law of the case ordinarily forecloses re-litigation of issues expressly or impliedly decided by the appellate court.” United States v. Quintien, 306 F.3d 1217, 1229 (2d Cir.2002) (internal quotation marks omitted); see also Matter of S-Y-G-, 24 I. & N. Dec. 247, 250 (BIA 2007) (applying the law of the case doctrine to the IJ’s previous adverse credibility determination). Although Yalincak was previously granted asylum, the Government properly placed her in removal proceedings upon her conviction of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii); see also 8 C.F.R. § 1208.24(f). The IJ also properly conducted a hearing on the merits of her new application for withholding of removal. Even assuming that the law of the case doctrine applied at the agency level, we find unpersuasive Yalincak’s argument that because a prior IJ found her credible and granted her asylum, another IJ was required to find her credible with respect to her application for withholding of removal with its higher burden of proof. See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir.2008) (explaining that the law of the case doctrine is discretionary and need not be followed if “cogent” and “compelling” reasons exist such as “the availability of new evidence”); see also Robleto-Pastora v. Holder, 567 F.3d 437, 442-45 (9th Cir.2009) (finding that the alien did not suffer past persecution and failed to demonstrate that he was eligible for withholding of removal even though he was previously granted asylum).
Yalincak also argues that the IJ erred by considering her 1995 conviction for practicing medicine without a license in denying her INA § 209(c) waiver of inadmissibility under Matter of Jean, 23 I. & N. Dec. 373, 376 (A.G.2002). However, it is within the IJ’s discretion to balance the *589 “adverse factors evidencing an alien’s undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of [a waiver] appear[ed] in the best interests of this country.” Garcia-Padron v. Holder, 558 F.3d 196, 199-200 (2d Cir.2009). Indeed, in evaluating a request for discretionary relief, evidence of unfavorable conduct, including criminal convictions, may be appropriately considered. See Matter of Thomas, 21 I. & N. Dec. 20 (BIA 1995). Thus, the IJ properly considered Yalincak’s prior conviction in determining that she was ineligible for a 209(c) waiver. See Matter of Jean, 23 I. & N. Dec. at 376.
Finally, Yalincak claims that her due process rights were violated and that she did not receive fair proceedings because she had only a “minor to minimal role” in the conspiracy to commit wire fraud, and that the agency did not permit her counsel “to present the nature” of her involvement in the offense. The record is clear, however, that Yalincak’s counsel discussed her role in the conspiracy throughout the proceedings. Further, Yalincak’s own testimony belies her claim because she testified that she was only minimally involved.
For the foregoing reasons, the petitions for review are DENIED. As we have completed oui’ review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Yalincak further argues that due to “intervening case law,” in the form of the Ninth Circuit's decision in Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1073 (9th Cir.2007), this Court should remand her case. The Ninth Circuit's precedent is not binding here. Even if it were, as the Government points out, the Supreme Court's more recent decision in Nijhawan v. Holder, - U.S. -, 129 S.Ct. 2294, 2298, 174 L.Ed.2d 22 (2009) provides further support for the agency's decision.

. Yalincak does not challenge the agency’s denial of her request for CAT relief.

. The Government argues that because Yalincak did not raise her collateral estoppel or issue preclusion arguments before the agency, we lack jurisdiction to review those unexhausted arguments. However, such arguments are "subsidiary legal arguments” that need not have been exhausted. See Gill v. INS, 420 F.3d 82, 85-86 (2d Cir.2005). Nevertheless, those arguments fail for the same reason that Yalincak's "law of the case” argument fails.