09-1236-ag
Arogstegui v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges,*
> STEFAN R. UNDERHILL,[*]
> *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARLOS SILVESTRE AROSTEGUI,

*Petitioner,*

v.                                                              09-1236-ag

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**                NATHAN WEILL, Law Office of Nathan Weill (Cecilia Rodriguez, Haase & Associates, *on the brief*) New

---

[*] The Honorable Stefan R. Underhill, of the United States District Court of the District of Connecticut, sitting by designation.

1

York, NY.

FOR RESPONDENT:                        R. Alexander Goring (Tony West, Assistant Attorney General, Civil Division, U.S. Department of Justice; Jennifer J. Keeney, Senior Litigation Counsel, Office of Immigration Litigation, P. Michael Truman, Trial Attorney on the brief), Washington, D.C.

Petition for review of a decision by the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION** of this petition for review of a decision of the BIA, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED**.

Petitioner Carlos Silvestre Arostegui, a native and citizen of Uruguay and a lawful permanent resident of the United States, seeks review of the February 27, 2009 order of the BIA dismissing Arostegui's appeal and ordering him removed. On appeal, Arostegui argues that the BIA erred in dismissing his appeal for the following reasons: (1) the Department of Homeland Security ("DHS") failed to show, in a timely manner, that Arostegui was inadmissible as an arriving alien; (2) DHS violated Arostegui's due process rights by failing to initiate removal proceedings for nearly five years after he re-entered the United States; and (3) the November 2004 Notice To Appear was issued improvidently. We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an independent decision and does not adopt the Immigration Judge's decision, we review the decision of the BIA alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622-23 (2d Cir. 2007). We possess jurisdiction to determine our own jurisdiction, *see Kuhali v. Reno*, 266 F3d 93, 100 (2d Cir. 2001), and questions of jurisdiction are reviewed *de novo*, *Duamutef v. INS*, 386 F.3d 172, 178 (2d Cir. 2004).

Arostegui argues that the BIA improperly concluded that he was inadmissible as an alien convicted of a controlled substance violation, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). We generally do not have jurisdiction to review final orders of removal for aliens removable by reason of having committed a controlled substance violation. 8 U.S.C. § 1252(a)(2)(C). We do have jurisdiction, however, to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). Here, Arostegui argues that he was not inadmissible as an arriving alien when he attempted to re-enter the United States in March 2000 because he had not yet been convicted of a controlled substance violation, though he was subject to an outstanding arrest warrant for a controlled substance violation. Whether being subject to an arrest warrant following an indictment for a controlled substance violation is sufficient to render an alien inadmissible is a question of law, and therefore, we have jurisdiction to review this question.

2

Although we have jurisdiction to review this question of law, we need not consider it here because further remand to the BIA would be futile. Even if an arrest warrant was insufficient to render Arostegui an inadmissible arriving alien in March 2000, his subsequent criminal conviction certainly rendered him deportable under 8 U.S.C. § 1227(a)(2)(B)(i). If we remand to the BIA, we are confident that the BIA would reach the same decision—namely, that Arostegui is removable—though perhaps for a different reason. Since we can confidently predict that the BIA would reach the same decision, remand is futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). We therefore need not remand the cause to the BIA, regardless of whether the BIA erred in concluding that an outstanding arrest warrant was sufficient to render an alien inadmissible.

Next, Arostegui argues that DHS violated his due process rights by failing to initiate removal proceedings for nearly five years after his return to the United States. Whether and when to commence removal proceedings is within the discretion of DHS, and we do not have jurisdiction to review such decisions, unless petitioner raises constitutional claims or questions of law. 8 U.S.C § 1252(g); *Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008). Although Arostegui argues that this delay violated his due process rights, a petitioner must do more than merely assert that some act violated his due process rights. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (concluding that the Court lacks jurisdiction to review "insubstantial and frivolous" constitutional claims and questions of law). Instead, the petitioner must assert a claim that actually raises a constitutional question. Here, Arostegui fails to assert such a claim.

Moreover, even if we had jurisdiction to consider Arostegui's argument, it would fail. To prevail on a claim alleging a denial of due process, an individual in removal proceedings must allege that he suffered some prejudice. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Arostegui fails to allege that he suffered any prejudice. Instead, this delay allowed him nearly five additional years in this country. At most, Arostegui could argue that he relied on DHS's failure to commence removal proceedings when arranging his affairs, but we find this too tenuous to be persuasive. Accordingly, we conclude that any delay in initiating removal proceedings did not violate Arostegui's due process rights.

Finally, Arostegui argues that the November 2004 Notice To Appear was issued improperly. Arostegui specifically claims that the Notice To Appear was deficient because he received the notice by mail, but the notice improperly indicated that he had been informed orally of his hearing date. We agree with Arostegui and the BIA that this was error. Nevertheless, Arostegui does not show how this error prejudiced him, as he appeared at the proper date and time for his hearing, and therefore this minor error is no ground for vacating the decision of the BIA.

3

**CONCLUSION**

We have considered all of petitioner's arguments and find them to be without merit. For the reasons stated above, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk