09-1841-ag
Landazury v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand and ten.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges*.

———————————————————————

LUIS RIVAS LANDAZURY,

> *Petitioner*,

> v.                                                                        Docket No.     09-1841-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent*.

———————————————————————


FOR PETITIONER:         MARY ELIZABETH DELLI-PIZZI, Babylon Village, N.Y.

FOR RESPONDENT:         LAURA HALLIDAY HICKEIN, Trial Attorney (Tony West, Assistant Attorney General, Douglas E. Ginsberg, Assistant Director), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION**, of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Luis Rivas Landazury, a native and citizen of Colombia, seeks review of a February 11, 2009 order of the BIA affirming the October 30, 2008 decision of Immigration Judge ("IJ") Roger Sagerman, finding Landazury ineligible for cancellation of removal or adjustment of status based on his conviction for an aggravated felony narcotics trafficking offense, and ordering him removed from the United States. *See In re Luis Rivas Landazury*, No. A028 749 602 (B.I.A. Feb. 11, 2009), *aff'g* No. A028 749 602 (Immig. Ct. Napanoch, NY, Oct. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court has jurisdiction over final orders of removal pursuant to 8 U.S.C. § 1252(a)(1), as amended by § 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), which confers exclusive jurisdiction on the Courts of Appeals to review final orders of removal. We generally do not, however, have jurisdiction to review final orders of removal for aliens removable by reason of having committed a controlled substance violation or an aggravated felony offense. *See* 8 U.S.C. § 1252(a)(2)(C). "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for certain crimes, including aggravated felonies," *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(C)), or based on an alien's conviction for certain "controlled substance violation[s]," *Arostegui v. Holder*, No. 09-1236-ag, 2010 WL 724319, *1 (2d Cir. Mar. 3, 2010) (summary order) (citing 8 U.S.C. § 1252(a)(2)(C)). Courts of Appeals

2

nevertheless retain jurisdiction to review an order of removal insofar as the petition for review order raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), which we review *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We review the BIA's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zaman v. Mukasey*, 514 F.3d 233, 238 (2d Cir. 2008). "[W]here, as here, the BIA affirms but does not expressly adopt the IJ's decision, the BIA's decision alone is 'the basis for judicial review.'" *Almeida v. Holder*, 588 F.3d 778, 783 (2d Cir. 2009) (quoting *Garcia-Padron v. Holder*, 558 F.3d 196, 199 (2d Cir. 2009)).

In May 2006, Landazury was convicted in the Supreme Court of New York, Queens County, pursuant to his guilty plea for, *inter alia*, attempted criminal possession of a controlled substance in the fifth degree in violation of New York Penal Law ("NYPL") § 220.06(1)[1] ("2006 drug conviction"). The following month he was sentenced to five years probation for this offense. In October 2007, Landazury was arrested for, *inter alia*, aggravated driving while intoxicated in violation of New York Vehicle & Traffic Law § 1192(2-A). He was convicted in February 2008 pursuant to his guilty plea for this offense ("2008 DWI conviction"). Later that month, Landazury was sentenced for his 2008 DWI conviction and received a fine. Because his 2008 DWI conviction was a violation of his probationary sentence on this 2006 drug conviction, Landazury was also resentenced to one year of imprisonment for that prior conviction.

---

[1] NYPL § 220.06(1) provides: "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses . . . a controlled substance with intent to sell it."

3

In June 2008, the Department of Homeland Security served Landazury with a notice to appear charging that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), because after he was admitted to this country he was convicted of a controlled substance violation, and pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(B), because after he was admitted he was convicted of an aggravated felony drug trafficking crime.

Landazury "concede[s] . . . that he was convicted of a crime relating to a controlled substance, and as such, is removable under 8 U.S.C. § 1227(a)(2)(B)(I)." Appellant's Br. 13. He argues, however, that his 2006 drug conviction does not constitute an aggravated felony drug trafficking offense and that, as a result, the BIA's conclusion that he is ineligible for cancellation of removal is erroneous. *See* 8 U.S.C. § 1229b(a)(3) (The Attorney General may cancel removal "if the alien . . . has not been convicted of any aggravated felony"). While conceding that a conviction under NYPL § 220.06(1) is an aggravated felony drug trafficking offense, Landazury instead asserts that as a matter of fact the evidence in the record did not establish that he was convicted of violating subsection (1) of this section, which provides that an element of the offense is the intent to sell a controlled substance. *See* NYPL § 220.06(1). Put another way, Landazury argues that he was convicted for possession of a controlled substance, *not* for possession with intent to sell. That argument is without merit. The documents of conviction in the record include the Certificate of Disposition, Landazury's rap sheet, and his testimony before the IJ admitting that he pled to the element of intent to sell in order to receive probation. This evidence demonstrates that Landazury was convicted of violating subsection (1) of NYPL § 220.06. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (holding that evidence of alien's conviction was sufficient where record included Certificate of Disposition, rap sheet, and

sentence and order of commitment "coupled with the fact that [petitioner] admitted to the convictions in his testimony . . .."). The BIA thus correctly determined that Landazury failed to establish eligibility for relief. *See* 8 U.S.C. § 1229b(a)(3); *id*. § 1229a(c)(4)(A)(i) ("An alien applying for relief . . . has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements"); 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

We have considered all of Landazury's other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5