11-4187-ag
Garcia-Henriquez v. Holder

BIA
Rocco, IJ
A091 465 094

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
>  DEBRA ANN LIVINGSTON,
>  DENNY CHIN,
>      *Circuit Judges,*
>  EDGARDO RAMOS,[*]
>      *District Judge*.

_____

IMMACULADO GARCIA-HENRIQUEZ,
>      *Petitioner*,

>           v.                                                   11-4187-ag

ERIC H. HOLDER, JR., United States Attorney General,
>      *Respondent*.

_____

FOR PETITIONER:             Anne E. Doebler, Anne E. Doebler, P.C., Buffalo, New York**.**

FOR RESPONDENT:             Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Song E. Park, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

_____

[*]The Honorable Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Immaculado Garcia-Henriquez, a native and citizen of the Dominican Republic, seeks review of a September 22, 2011 order of the BIA affirming the April 2, 2010 decision of Immigration Judge ("IJ") Michael Rocco, which denied his application for a waiver under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996). *See In re Immaculado Garcia-Henriquez*, No. A091 465 094 (B.I.A. Sept. 22, 2011), *aff'g* No. A091 465 094 (Immig. Ct. Buffalo Apr. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Although we lack jurisdiction to review final orders of removal against aliens, such as Garcia-Henriquez, who have been convicted of an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), and therefore have jurisdiction to review Garcia-Henriquez's *res judicata* claim, his constitutional *ex post facto* and due process challenges, and his contention that he is statutorily eligible for § 212(c) relief, *see Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008); *Blake v. Carbone*, 489 F.3d 88, 98 (2d Cir. 2007). We "review *de novo* questions of law including constitutional claims." *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012).

Garcia-Henriquez contends that *res judicata* bars the government from charging him with removability as an aggravated felon based on his 1994 rape conviction because that conviction was

2

also the basis of his previous charge of deportability, and those proceedings were terminated in his favor. The doctrine of *res judicata* "provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer*, 527 F.3d at 279; *see also Ljutica v. Holder*, 588 F.3d 119, 127 (2d Cir. 2009) (noting that *res judicata* may apply to immigration proceedings). To establish preclusion under the doctrine of *res judicata*, a party must show *inter alia* that "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (citations omitted); *accord Channer*, 527 F.3d at 280. Because the relevant aggravated felony ground was not in effect at the time of his initial deportation proceedings, *see* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C., § 321, 110 Stat. 3009-628 (1996) (amending the aggravated felony ground of removability, effective April 1, 1997, to include rape of a minor), Garcia-Henriquez is unable to show that the government could have "argued that [he] was an aggravated felon at the time of his deportation proceeding," *Ljutica*, 588 F.3d at 127.

While Garcia-Henriquez also contends that retroactive application of IIRIRA's aggravated felony amendment to his 1994 rape conviction violates due process, we have explicitly held to the contrary. *See Brown v. Ashcroft*, 360 F.3d 346, 354 n.8 (2d Cir. 2004) (noting that IIRIRA's retroactive "amendment to INA § 101(a)(43) does not violate constitutional due process" (citing *Kuhali v. Reno*, 266 F.3d 93, 111 (2d Cir. 2001))). Although Garcia-Henriquez asserts that retroactive application of IIRIRA's aggravated felony amendment is fundamentally unfair because his 1994 conviction was for statutory rape and he is not a dangerous alien, we have recognized that "uniform application of [IIRIRA's aggravated felony amendment] to remove *all* aliens convicted of certain offenses rationally furthers" Congress's "legitimate interest in expeditiously removing dangerous aliens from the country." *Kuhali,* 266 F.3d at 111.

3

Garcia-Henriquez also raises an *ex post facto* challenge to the retroactive application of IIRIRA's aggravated felony amendment. The law is well-settled, however, "'that statutes retroactively setting criteria for deportation do not violate the *ex post facto*' clause," *Domond v. INS*, 244 F.3d 81, 87 (2d Cir. 2001) (quoting *United States v. Koziel*, 954 F.2d 831, 834 (2d Cir. 1992)). Garcia-Henriquez's invitation to reevaluate this position in light of the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), is misplaced as we have recently recognized that "*Padilla* did not overturn our precedent holding that deportation and removal proceedings are civil in nature and therefore that statutes retroactively setting criteria for deportation do not violate the *ex post facto* clause." *Morris v. Holder*, 676 F.3d 309, 317 (2d Cir. 2012) (quotation omitted).

Lastly, the agency did not err in finding Garcia-Henriquez statutorily ineligible for § 212(c) relief. Under former § 212(c), "legal permanent residents who were subject to deportation, but who had resided in the United States for seven consecutive years, were eligible to apply for a discretionary waiver of deportation." *Martinez v. INS*, 523 F.3d 365, 368 (2d Cir. 2008). Section 212(c) relief is not available with respect to convictions arising from plea agreements made on or after April 1, 1997, *see* 8 C.F.R. § 1212.3(h)(3), unless the alien was in deportation proceedings on April 1, 1997, and remained in proceedings at the time he pled guilty to the subsequent offenses, *Garcia-Padron v. Holder*, 558 F.3d 196, 201-02 (2d Cir. 2009); *see also* IIRIRA, Pub. L. No. 104-208, Div. C, § 309(c)(1), 110 Stat. 3009-625 (1996) ("Subject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings as of the title III-A effective date[,] . . . the amendments made by this subtitle shall not apply . . . ."). Though Garcia-Henriquez pled guilty to statutory rape prior to the repeal of § 212(c), he subsequently pled guilty in 2005 to possession of a controlled substance in violation of N.Y. Penal Law § 220.03, which is

4

a removable offense.  Moreover, his current deportation proceedings commenced after April 1, 1997.

In light of these facts, the agency correctly determined that he is ineligible for § 212(c) relief. [1]

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Garcia-Henriquez cites *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), to argue that he need not show detrimental reliance on the availability of a § 212(c) waiver to now seek that relief. *See* Pet'r's Fed. R. App. P. 28(j) Letter.  His reliance on *Vartelas* is misplaced, however, because the issue in that case concerned the retroactive application of IIRIRA to a petitioner whose only conviction occurred prior to the statute's enactment, and Garcia-Henriquez's post-IIRIRA conviction in 2005 renders him statutorily ineligible for § 212(c) relief.