Montesquieu v. Holder

BIA
A076 553 152

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of October, two thousand thirteen.

PRESENT:
  ROBERT D. SACK,
  BARRINGTON D. PARKER,
  DENNY CHIN,
   *Circuit Judges.*
_____

PEDRO RAFAEL MONTESQUIEU,
  *Petitioner,*

   v.       12-1002
            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:  Julia Greenberg, New York, New York.

FOR RESPONDENT:  Stuart F. Delery, Principal Deputy Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sheri R. Glaser, Trial Attorney, Civil Division, Office of

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Pedro Rafael Montesquieu, a native and citizen of the Dominican Republic, seeks review of a February 21, 2012, order of the BIA denying his motion to reopen proceedings. *See Pedro Rafael Montesquieu*, No. A076 553 152 (B.I.A. Feb. 21, 2012). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We lack jurisdiction over a petition for review where the petitioner has been convicted of a controlled substance offense, except to the extent the petitioner presents questions of law or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Garcia-Padron v. Holder*, 558 F.3d 196, 198-199 (2d Cir. 2009). Montesquieu presented evidence that he was pardoned by the State of New York for a 2000 conviction for attempted criminal sale of a controlled substance. Montesquieu does not, however, dispute the

finding that he was convicted of criminal possession of marijuana in 1996, and was inadmissible based on that conviction. Accordingly, the jurisdictional bar applies and our review is limited to constitutional claims or questions of law regarding the BIA's denial of reopening.

Montesquieu raises no challenge to the BIA's denial of his motion as untimely and number-barred and we see no error in the BIA's decision. An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Montesquieu's motion to reopen, filed in 2011, was untimely and number-barred because his order of deportation became final in 2008 and he had filed an earlier motion to reopen proceedings.

To the extent Montesquieu challenges the BIA's refusal to reopen the proceedings *sua sponte*, we lack jurisdiction over that decision, absent an indication that the agency misperceived the legal background of the case in declining to reopen *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466,

3

469 (2d Cir. 2009). The record indicates that Montesquieu was charged with inadmissibility, not deportability, and thus the pardon did not affect the finding of removability. *See* 8 U.S.C. § 1227(a)(2)(A)(vi) (permitting waiver of removability where the alien received a pardon)*; but see generally* 8 U.S.C. § 1182 (listing no waiver for pardoned offenses). Moreover, the 1996 marijuana conviction continued to be an independent basis for inadmissibility.

Montesquieu argues that the BIA misperceived the legal background because it failed to consider that the pardon rendered him eligible for cancellation of removal, and that exceptional circumstances, in the form of hardship to his family, warranted reopening. He failed, however, to raise those arguments in his motion to reopen, and the arguments are therefore waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); 8 C.F.R. § 1003.2(c)(1) ("[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing" and "must be accompanied by the appropriate application for relief").

4

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk