# MATTER OF LOPEZ-BARRIOS

## In Deportation Proceedings

## A-29928921

### *Decided by Board May 23, 1990*

(1) The administrative closing procedure may not be used if it is opposed by either party to the proceedings.

(2) If an immigration judge is satisfied that the notice provided to a respondent who failed to appear for a scheduled hearing was sufficient, then a hearing in absentia may be held, but if the notice was not sufficient, then termination of proceedings, not administrative closing, is appropriate.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Pro se[1]

ON BEHALF OF SERVICE:

David M. Dixon
Appellate Counsel

Mitchil Bechet
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 14, 1989, an immigration judge administratively closed the respondent's case when the respondent failed to appear for a scheduled hearing. The Immigration and Naturalization Service appealed. The appeal will be sustained and the record will be remanded to the immigration judge for further action.

The decision of the immigration judge which the Service seeks to have reviewed is interlocutory in nature. While this Board does not ordinarily entertain interlocutory appeals, we shall consider this

---

[1] We note that the immigration judge granted a motion to withdraw by the respondent's former counsel. However, since the address provided by the respondent appears to be incorrect or no longer current, this order and all future notices relating to this case are to be served on the respondent's former counsel. *See* 8 C.F.R. § 292.5(a) (1990). This will ensure that she will be apprised of the status of the deportation proceedings against her should she contact her former counsel again.

interlocutory appeal pursuant to our decision in *Matter of Amico*, 19 I&N Dec. 652 (BIA 1988). In its appeal, the Service argues that notices of scheduled hearings were sent to the respondent at an address she had provided. The Service therefore argues that the immigration judge should not have administratively closed the case but rather should have held an in absentia hearing pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1988).

As we stated in *Matter of Amico, supra,* administrative closing is merely an administrative convenience. It allows the removal of cases from the immigration judge's calendar in certain circumstances. However, it does not result in a final order. Thus, for instance, if it is used when a respondent fails to appear for a hearing, the respondent is able to avoid an order regarding her deportability. *Id.* We therefore hold that the administrative closing procedure should not be used if it is opposed by either party to the proceedings. Accordingly, administrative closing was inappropriate in this case, in the face of the Service's opposition to such action. We will therefore remand the record to the immigration judge for consideration of the evidence presented and the entry of an appropriate order.

When a respondent fails to appear for a scheduled hearing, the Service should be allowed to allege, on the record, that proper notice of the hearing was given to the respondent. If it is alleged that notice was sent to the last known address of an unrepresented respondent, the Service should provide to the court information regarding that address, and the basis for its belief that it is the last known address. If the immigration judge is satisfied that the notice provided to the respondent was in fact sufficient, then a hearing in absentia, in accordance with section 242(b) of the Act, may be held. If the notice was not sufficient, then termination of proceedings, not administrative closing, is appropriate.

We make it clear that we are not hereby ruling on the merits of the Service's evidence of deportability, the adequacy of notice to the respondent, or any other factors affecting a finding of deportability or the availability of relief in this case. These are issues to be considered by the immigration judge at the hearing, following presentation of the evidence. The immigration judge will then be in a position to enter an appropriate order.

**ORDER:** The appeal is sustained and the record is remanded to the immigration judge for further action in accordance with the foregoing decision.