Gerardo HERNANDEZ–RODRIGUEZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–74791.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 23, 2008.

Gerardo Hernandez–Rodriguez, pro se.

Fabiola Rubio–Hernandez, pro se.

Edna Fabiola Hernandez–Rubio, pro se.

Tim Ramnitz, Barry J. Pettinato, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Michael B. Mukasey, Attorney General, pro se.

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA")

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denial of a motion for administrative closure.

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The BIA did not abuse its discretion in determining that administrative closure was not appropriate because a final order of removal had been entered against petitioners. *See Matter of Lopez–Barrios,* 20 I. & N. Dec. 203 (BIA 1990).

The BIA also construed petitioners' motion as a motion to reopen. The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioners' second motion to reopen, filed more than two years after the final administrative decision was rendered. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). Accordingly, this petition for review is denied.

To the extent petitioners challenge the BIA's decision declining to exercise its *sua sponte* authority to reopen, we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot.

The temporary stay of removal shall continue in effect until issuance of the mandate. The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**