NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0784n.06

Case No. 15-3239

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Dec 03, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANATOLY VLADIMIROVICH GUTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| v. | ) | AN ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| LORETTA E. LYNCH, U.S. Attorney | ) | |
| General | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: NORRIS, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. Anatoly Vladimirovich Guts seeks review of the Board of Immigration Appeal's (BIA) denial of his motion to reopen. The BIA issued a brief opinion concluding that Guts had not demonstrated prima facie eligibility for adjustment of status. Guts contends the BIA abused its discretion by failing to adequately explain its reasoning. We grant the petition for review and remand to the BIA.

I.

Guts, a Russian citizen admitted to the United States as a nonimmigrant exchange visitor, overstayed his visa. In 2012, the Department of Homeland Security commenced removal proceedings. At the hearing, Guts requested, and the Immigration Judge granted, a continuance for him to explore avenues of possible relief.

When the continuance expired, Guts informed the Immigration Judge that he was engaged to marry Jana Emiraliyeva, who had a naturalization interview scheduled. Guts thus sought a second continuance, contending that he would soon be eligible to seek adjustment of status through his fiancée filing a Form I-130, Petition for Alien Relative. The Immigration Judge denied the continuance, opining that Guts was not currently eligible to begin the Form I-130 process and had not applied for any other form of relief. The IJ ordered Guts removed from the United States.

Guts appealed to the BIA and moved to remand. In its opinion, the BIA observed that while the appeal was pending, not only had Jana become a naturalized citizen, but also she and Guts had married and Jana filed an I-130 petition on Guts's behalf. A database for the United States Citizenship and Immigration Services (USCIS) showed, however, that USCIS denied Jana's I-130 petition. The BIA thus dismissed Guts's appeal and denied remand.

One month later, Guts moved the BIA to reopen his case to allow him to apply for adjustment of status. Guts explained that USCIS' denial of Jana's I-130 petition stemmed from record evidence of marriage fraud involving Guts and his first wife, Rachel Ertel. Guts urged reopening to permit him to show that USCIS erred in denying Jana's I-130 petition because: (1) the record did not contain substantial and probative evidence that he married Rachel for the purpose of evading immigration laws, and (2) the appeal of that denial was still pending. Guts's motion to reopen incorporated Jana's I-130 appeal, in which she submitted joint residential, financial, and insurance records as well as affidavits from friends and family members to support the legitimacy of Guts's earlier marriage to Rachel. The Department of Homeland Security opposed reopening.

The BIA denied reopening in a four-sentence opinion. It opined that Guts failed to show "prima facie eligibility for the relief from removal" as he was "not the beneficiary of an approved visa petition insofar as the petition filed on his behalf . . . was denied on February 13, 2014." Guts petitions for review.

II.

"The decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA]." 8 C.F.R. § 1003.2(a). Guts contends that the BIA abused its discretion by failing to explain adequately its reasons for denying his motion. We review accordingly. *See I.N.S. v. Abudu*, 485 U.S. 94, 107–08 (1988).

The regulation governing motions to reopen is couched in negative terms, listing certain circumstances under which the BIA "shall not" reopen a case, but not circumstances under which it is required to do so. *See* 8 C.F.R. § 1003.2; *see also Abudu*, 485 U.S. at 104–05 (interpreting the predecessor to 8 C.F.R. § 1003.2, 8 C.F.R. § 3.2). The BIA abuses its broad discretion, however, when a denial is "made without a rational explanation." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quoting *Balani v. I.N.S.*, 669 F.2d 1157, 1161 (6th Cir. 1982)). Though it need not "write an exegesis on every contention," it must "consider the issues raised, and announce its decision in terms sufficient to enable [appellate review] . . . ." *Scorteanu v. I.N.S.*, 339 F.3d 407, 412 (6th Cir. 2003) (quoting *Osuchukwu v. I.N.S.*, 744 F.2d 1136, 1142–43 (5th Cir. 1984)).

In determining whether this BIA decision amounts to an abuse of discretion, we look only at "the basis articulated in the decision and . . . may not assume the [BIA] considered factors that it failed to mention in its opinion." *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir. 2004) (citations omitted). Here, the BIA's opinion consists of the following paragraph:

> By a timely motion, the respondent seeks to have the proceedings reopened in order to seek adjustment of status. The motion does not reflect prima facie eligibility for the relief from removal sought. The respondent is not the beneficiary of an approved visa petition insofar as the petition filed on his behalf, on the basis of which he seeks the reopening of these proceedings, was denied on February 13, 2014. Accordingly, there being no basis to warrant the reopening of the proceedings, the motion to reopen is denied.

Want of *prima facie* eligibility for relief is a legitimate basis for denial, *see* 8 C.F.R. § 1003.2, but the BIA must provide analysis beyond "[c]ursory, summary, or conclusory statements." *Daneshvar*, 355 F.3d at 626. Though the opinion notes the initial denial of Jana's I-130 petition, it fails to explore the record in any manner. It ignores Guts's arguments and overlooks the more than fifty pages of evidence he submitted supporting his motion to reopen. Because the opinion mentions none of these factors, we must conclude that the BIA failed to consider them in reaching its conclusion. This failure amounts to an abuse of discretion.

The government urges the court to *assume* that USCIS' marriage-fraud determination prompted the denial. It directs our attention to *Foythong v. Holder*, in which we described the relevant regulation, 8 U.S.C. § 1154(c), as a "one-strike rule, meaning that, after one prior finding of a sham marriage, the immigration authorities must reject all future efforts at an adjustment of status based on marital status." 743 F.3d 1051, 1053 (6th Cir. 2014). But in that case, the petitioner submitted no evidence on the bona fides of his purportedly fraudulent marriage, and the BIA "denied the motion on the ground that [the petitioner] had little probability of success in view of his prior sham marriage." *Id.* Guts's case is different. Not only did the BIA not reference or consider any circumstances concerning Guts's marriages, it also bypassed assessing his likelihood of success. Though perhaps the BIA denied Guts's motion to reopen on the basis suggested by the government, its opinion never mentions it, and we may not assume a rationale. *Daneshvar*, 355 F.3d at 626.

Concluding that the BIA abused its discretion, we grant the petition for review and remand to the BIA for further consideration.